## In re Anonymous No. 16 D.B. 85

Disciplinary Board Docket no. 16 D.B. 85.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GILARDI, *Member,* October 18, 1988—Pursuant to rule 218(c)(5) Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the within petition for reinstatement.

### HISTORY OF PROCEEDINGS

This matter first came before the board on March 6, 1985, when a petition for discipline was filed. It alleged, among other things, that petitioner misrepresented various facts to clients, and misappropriated clients' funds. The disciplinary proceedings that followed culminated in the June 30, 1987 order of the Supreme Court suspending petitioner for six months, effective June 30, 1987.

This suspension was based upon the finding that petitioner misappropriated clients' funds when he forged checks and releases, failed to give his clients the money due them, misrepresented facts to his

clients, and failed to keep client's money in an identifiable bank account. No clients, however, suffered losses except the time use of their money, despite the nature of petitioner's conduct. The board concluded that petitioner had shown a general lack of candor in his testimony as regards these matters.

Disciplinary counsel had recommended that petitioner be suspended for two years. The board concluded that there were mitigating factors in petitioner's favor, the most significant of which being the delay in prosecuting petitioner for these matters of over three and one-half years. Therefore, the board recommended a suspension of six months in light of these factors.

Petitioner's instant petition for reinstatement was filed on January 14, 1988. The matter was referred to Hearing Committee [ ]. A hearing was held on February 29, 1988 before the hearing committee.

The committee filed its report June 3, 1988. It recommended that the petition be granted. In light of all the evidence, the committee held that petitioner had met his burden of proof under rule 218 by demonstrating his moral qualifications, competency and learning in the law by a clear and convincing standard.

Disciplinary counsel's brief on exceptions to the report of Hearing Committee [ ] was filed on June 27, 1988. Disciplinary counsel argued that petitioner showed continued signs of dishonesty in his testimony at the reinstatement hearing. Specifically, he implied that he had money in his safe that could have prevented him from being out of trust.

Further, the Office of Disciplinary Counsel stated its belief that petitioner did not suffer any remorse for his mistreatment of his clients. Any ill feelings he suffered were based solely upon his inability to practice law and the embarrassment to himself and

his family. For these reasons, disciplinary counsel concluded that the board should recommend denial of the petition for reinstatement.

Petitioner's brief opposing exceptions of disciplinary counsel was filed July 11, 1988. Petitioner states that he has in fact worked toward his rehabilitation during his suspension. He cites the fact that he has established a closer bond with his family and church during this time. Also, he has kept abreast of the law by reading legal periodicals and advance sheets, and by doing legal research and title work.

Secondly, petitioner notes that he has faithfully complied with all requirements since the order of suspension. Namely, he has filed his questionnaire as required for reinstatement. Also it was suggested at the hearing that petitioner refund to his clients interest earned on an escrow account. Petitioner promptly complied and tendered payments totaling $87.08.

Disciplinary counsel requested oral argument in a letter brief filed June 27, 1988. Oral argument was heard before a three-member panel of the board on August 25, 1988. The matter was adjudicated by the board at the September 9, 1988 meeting of the board.

## FINDINGS OF FACT

(1) Petitioner, [        ], has filed the appropriate reinstatement questionnaire required by the Pennsylvania Rules of Disciplinary Enforcement.

(2) Petitioner has maintained his competency and learning in the law during the period of suspension by performing legal research, title abstracting and general reading of legal articles, periodicals and advance sheets.

(3) Petitioner has renewed a commitment to his

family and church, evidencing a degree of self-rehabilitation.

(4) Petitioner has admitted his previous conduct that resulted in his suspension was wrong, and has expressed his willingness to conform his behavior to that required for the practice of law.

(5) During the period of suspension, petitioner has supported his family through savings and borrowing, and has limited sources of other income.

(6) Petitioner has expressed his remorse for the actions leading to his suspension directly to his wife and family, and has expressed a sense of embarrassment concerning the mistreatment of clients, evidencing a change in his attitude towards the practice of law.

## DISCUSSION

The testimony and evidence submitted in this matter was limited. Petitioner must establish by clear and convincing evidence that he has the moral qualifications, competency and learning in law for readmission, as described in rule 218 Pa.R.D.E.

The most difficult element of petitioner's burden of proof to consider is whether he possesses the requisite moral qualifications to practice. This assessment is, of course, rather subjective. Based upon the evidence set forth, it is possible to make such an assessment.

By petitioner's own testimony, along with that of his wife, it appears that petitioner has expressed and felt sincere remorse for his actions. In fact, when his wife was asked whether petitioner had indicated contriteness for his mistreatment of clients she responded, "Definitely."

In examining the issue of rehabilitation, the board considered *Philadelphia Newspapers Inc. v.*

*The Disciplinary Board of the Supreme Court of Pennsylvania,* 468 Pa. 382, 363 A.2d 779 (1976). In that case, the court stated the rule that at the reinstatement hearing, one object of concern is the rehabilitative efforts of the attorney *since the time the sanctions were imposed.* (emphasis supplied) *Id.* at 385, 363 A.2d at 780. The board, based on this precedent, accepts the hearing committee's finding that petitioner has shown remorse and a change in attitude. The board notes his testimony that he personally apologized to the president judge of the Court of Common Pleas of [ ] County and the president of [ ] County Bar Association.

## RECOMMENDATION

For the foregoing reasons, the board unanimously recommends that the petition for reinstatement of [petitioner] be granted. The board further recommends that, pursuant to rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Messrs. Douglas, Tumolo and Keller did not participate in the adjudication.

## ORDER

And now, November 29, 1988, upon consideration of the report and recommendations of the disciplinary board dated October 18, 1988, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.